# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1334

**MICHAEL DAVID THOMPSON**

**VERSUS**

**YETTA EMMA FERNANDEZ CONCINA**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, NO. 83,402, DIV. C
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Lucretia P. Pecantte**
**P.O. Box 9010**
**New Iberia, LA  70562-9010**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    Yetta Emma Fernandez Concina

**Jack L. Simms, Jr.**
**P.O. Box 1554**
**Leesville, LA  71496**
**(337) 238-9393**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    Michael David Thompson

**PAINTER, Judge.**

Yetta Emma Fernandez Concina (Ms. Concina) appeals a judgment granting a modification of custody designating her ex-husband, Michael David Thompson (Mr. Thompson), as the domiciliary custodial parent of their minor daughter and granting Mr. Thompson the right to relocate with the child to Kansas. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Ms. Concina and Mr. Thompson are both soldiers on active duty in the United States Army. They were married and divorced in Hawaii. Of the marriage, one child, Mina Mercedes Thompson (Mina), was born. Mina was one and a half years old at the time the parties divorced on July 23, 2004. The Hawaiian court awarded joint custody of Mina and designated Ms. Concina as physical custodian while both parties were still stationed in Hawaii. On July 17, 2004, Ms. Concina was stationed at Fort Meade, Maryland, and Mina relocated with her. At some point in 2010, both Ms. Concina and Mr. Thompson were stationed at Fort Polk in Vernon Parish, Louisiana. Mina, however, lived in New Jersey with her maternal grandparents and was not brought to Louisiana.

Mr. Thompson filed a petition for recognition and modification of the Hawaiian custody judgment in the Thirtieth Judicial District Court in Vernon Parish. A hearing was held on January 3, 2011; however, Ms. Concina was not present as she was deployed to Afghanistan, but she was represented by an attorney. The trial court recognized and made executory the Hawaiian judgment but modified it by granting Mr. Thompson primary custody of Mina until December 31, 2011, and suspending the child support payments to be made by Mr. Thompson from January 3 to December 31, 2011. The trial court further granted Ms. Concina visitation rights during periods of her military leave. The judgment

of the trial court specifically stated that the modification was due solely to the deployment of Ms. Concina. After the signing of this judgment, Mr. Thompson went to New Jersey to pick up Mina; however, she was not with her maternal grandparents who were supposed to be caring for her. Mina was with Ms. Concina's sister who refused to give the child to Mr. Thompson. Ms. Concina apparently returned from Afghanistan at some point during this time. The intervention of police in New Jersey and Vernon Parish was required in order for Mr. Thompson to gain physical custody of Mina.

Mina resided in Vernon Parish with her father, stepmother, and two half-sisters beginning on January 15, 2011. Mr. Thompson filed a second rule for modification of custody, but a hearing on the rule was delayed because both Ms. Concina and Mr. Thompson were deployed overseas. While Mr. Thompson was deployed, Mina stayed with her stepmother at Fort Polk. Mr. Thompson returned to Fort Polk in October of 2011, and Mina remained with him at Fort Polk until January of 2012, when Mr. Thompson relocated with his family, including Mina, in accordance with his new duty station at Fort Leavenworth, Kansas. Ms. Concina is presently stationed in Colorado.

A trial on the custody matter was held June 8, 2012. At that time, the trial court awarded joint custody of Mina to the parties and named Mr. Thompson as the domiciliary custodial parent subject to visitation by Ms. Concina. Mina was to continue to live with Mr. Thompson in Kansas subject to weekend visitation by Ms. Concina as long as a one-week notice was given. Ms. Concina was also given physical custody of Mina for six weeks in the summer. Holiday visitation was to be on a rotating schedule. The relocation to Kansas was allowed. No ruling was made as to child support since there was no evidence presented with respect thereto. Ms. Concina now appeals seeking to have the judgment of the trial court

2

reversed and to have Mr. Thompson found in contempt of court. For the reasons that follow, we affirm the trial court's judgment in its entirety.

## DISCUSSION

In this case, the trial court applied the standard set forth by *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986) concerning changes in a considered custody decree, as follows:

> When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

Moreover, we note that the trial court is in the best position to evaluate the best interest of the child from its observations of the parties and witnesses such that we must give the trial court's determination great weight on appeal, and the trial court's determination as to custody will not be disturbed unless there is a clear abuse of discretion. *Hawthorne v. Hawthorne*, 96-89 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365.

Ms. Concina asserts that the trial court erred in finding that Mr. Thompson proved by the *Bergeron* standard that joint custody with Mr. Thompson being designated as the domiciliary parent would be in the best interest of Mina. We do not agree. The trial court noted the change in circumstances brought about by the numerous deployments and relocations necessitated by the parties' statuses as active duty military personnel. The trial court further considered Ms. Concina's actions in attempting to keep Mina from Mr. Thompson. After Mina moved in with her father and stepmother, she was in a stable environment and doing well in school. We find no abuse of discretion in the trial court's decision to award joint

custody to both parties and name Mr. Thompson as the domiciliary custodial parent.

Ms. Concina also argues that the trial court erred in granting Mr. Thompson the right to relocate to Kansas with Mina. "If a custodial parent gives the appropriate relocation notice, the proposed relocation "*shall not* constitute a change of circumstances warranting a change of custody." La.R.S. 9:355.11 (emphasis added)." *Hillman v. Davis*, 02-0685 (La.App. 3 Cir. 12/11/02), 834 So.2d 594. But even where the required relocation notice is not given, a modification of custody is not mandatory. *Id.* At the time of the hearing at issue herein, Mr. Thompson and Mina had already moved to Kansas. Ms. Concina offered no evidence that the move was not in Mina's best interest.

We further find no error in the trial court's refusal to find Mr. Thompson in contempt of court.

## DECREE

We affirm the trial court's judgment in its entirety. Costs of this appeal are assessed to Defendant-Appellant, Yetta Emma Fernandez Concina.

**AFFIRMED.**